UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES R. JOHNSON, | 4:19-CV-04123-RAL |
| Plaintiff, | |
| vs. | 1915A SCREENING AND ORDER DISMISSING COMPLAINT |
| WARDEN FLUKE, WARDEN AT MIKE DURFEE STATE PRISON IN INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN DENTIST, DENTIST AT MIKE DURFEE STATE PRISON IN INDIVIDUAL AND OFFICIAL CAPACITY; AND UNKNOWN HYGIENIST, HYGIENIST AT MIKE DURFEE STATE PRSON IN INDIVIDUAL AND OFFICIAL CAPACITY; | |
| Defendants. | |

Plaintiff, Charles R. Johnson, filed a pro se civil rights law suit under 42 U.S.C. § 1983. Doc. 1. Johnson filed an application to proceed without prepayment of filing fees and has provided the court with his prisoner trust account. Docs. 2, 3. He also filed a motion to appeal without repayment of fees and a motion to appoint counsel. Docs. 4, 5. Johnson's complaint alleges violations of the Eighth Amendment and Fourteenth Amendment. Doc. 1 at 4.

I.  **Motion to Proceed In Forma Pauperis**

Johnson filed an application to proceed without prepayment of filing fees, Doc. 2, and a prisoner trust account report, Doc. 3, showing that he presently has a negative balance in his inmate trust account. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a

filing fee." 28 U.S.C. § 1915(b)(1). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Johnson has reported an average negative balance in his inmate trust account. Doc. 3. Based on this information, the court grants Johnson leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Johnson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Johnson's

institution. Johnson remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Allegations of Johnson's Complaint

Johnson claims that his mouth was "rinsed and suctioned with contaminated water that contained bacteria" during an oral surgery. Doc. 1 at 4. He alleges that the water was contaminated because there was a "crack in the water supply." *Id.* Johnson claims he would have denied his surgery if he had known of the crack. *Id.* He claims that there are no administrative remedies available at his institution. *Id.*

## III. Screening and Dismissal Standards

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."

3

*Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

IV.     **Section 1915A Screening of Johnson's Complaint**

     A. **Eighth Amendment**[1]

Johnson claims that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they "failed to notify [him] of prison conditions [which] resulted in [a] serious bacteria[l] infection causing further pain." Doc. 1 at 4. "[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05.

But "this does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

---

[1] The court does not address the issue of Johnson suing the defendants in their official capacities for monetary damages because his complaint will be dismissed for failure to state a claim upon which relief can be granted.

4

serious medical needs." *Id.* at 106. Allegations of negligence will not suffice. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that he suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). A defendant cannot be found to be deliberately indifferent to a serious medical need by simply stating the defendant negligently treated or misdiagnosed a medical condition. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

Here, Johnson does not allege facts to show that the defendants were deliberately indifferent to his serious medical needs. He does not allege that they individually knew about the crack and water contamination. Johnson cannot allege negligent treatment for his Eighth Amendment claim to survive 1915A screening. Thus, Johnson's Eighth Amendment claim against defendants is dismissed under 28 U.S.C. §§ 1915(e)(B)(2)(i-ii) and 1915A(b)(1).

**B. Fourteenth Amendment**

Johnson claims that his Fourteenth Amendment, right to refuse medical treatment, was violated. Doc. 1 at 4. "The Fourteenth Amendment provides that no State shall 'deprive any person of life, liberty, or property, without due process of law.' The principle that a competent

5

person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions." *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) (citing U.S. CONST. amend. XIV, § 1.). Johnson claims that if he would have known about the crack in the water he would have refused the surgery. Doc. 1 at 4. However, Johnson does not allege facts that he was denied his liberty interest of refusing the treatment. He merely asserts that if he knew about the crack in the water supply then he would have refused. Johnson does not allege that he tried to deny the treatment and the defendants disregarded his denial. Thus, Johnson's Fourteenth Amendment claim is dismissed under 28 U.S.C. §§ 1915(e)(B)(2)(i-ii) and 1915A(b)(1).

## V.  Order[2]

The court finds that Mr. Johnson's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), Johnson's complaint, Doc. 1, is dismissed without prejudice for failing to state a claim upon which relief can be granted.

---

[2] The court will not address Johnson's motion to appeal without repayment of fees, Doc. 4, until/if he files a notice of appeal with this court.

IT IS FURTHER ORDERED that this action constitutes a strike against Johnson for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Johnson's first recorded strike.

IT IS FURTHER ORDERED that Johnson's motion to proceed in forma pauperis, Doc. 2, is granted and his initial filing fee is waived.

IT IS FURTHER ORDERED that the institution having custody of Johnson is directed that whenever the amount in Johnson's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Johnson's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that Johnson's motion to appoint counsel, Doc. 5, is denied as moot.

DATED October 24th, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE